[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14010; 14-14128
Non-Argument Calendar

_____

D.C. Docket Nos. 1:14-cr-00069-CG-C-1,
1:07-cr-00161-CG-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVENCHI MORTEZ BULLARD,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(March 10, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Devenchi Mortez Bullard appeals his sentence of 57 months of imprisonment for possessing a firearm as a convicted felon and for violating the terms of his supervised release. Bullard argues that the district court erroneously relied on hearsay evidence that Bullard possessed drugs in determining his sentence. Because the district court based its sentence on reliable evidence, we affirm.

Officer Jamal Pettway testified that, while he and other officers were waiting to execute a search warrant on a residence in Mobile, a confidential informant reported that Bullard was inside the residence with three "cookies" of cocaine base. The officers entered the residence and saw Bullard playing a video game in close proximity to a kitchen table on which was lying what appeared to be crack cocaine and to shelves that contained at least three and one half "cookies" of cocaine base, Xanax pills, and synthetic marijuana. The officers seized from Bullard a firearm and $2,000 in cash, and they discovered inside a bedroom closet a bag marked with Bullard's name that contained several measuring cups with a white powder residue, whisking equipment, and masks commonly used to process cocaine base. Later, Pettway interviewed Sherry Marston, who said that she believed Bullard was the ring leader in selling drugs from the residence.

We reject Bullard's argument that the district court relied on hearsay evidence in determining his sentence. *See United States v. Ghertler*, 605 F.3d

2

1256, 1269 (11th Cir. 2010) ("To prevail on a challenge to a sentence based on the consideration of [unreliable] information, a defendant must show . . . that the challenged evidence . . . actually served as the basis for the sentence."). The record establishes that the district court did not base its decision on the statements that the informant and Marston made to Pettway. The district court stated that it was holding Bullard responsible for the drugs in the residence based on "the circumstances" that he was in a residence "with crack cocaine and other drugs all around" and he was in possession of drug paraphernalia, a large quantity of cash, and a firearm. Pettway provided firsthand information on which the district court based its finding that Bullard possessed drugs in connection with his firearm offense and with his violation of his supervised release.

We **AFFIRM** Bullard's sentence.